O

# United States District Court
# Central District of California

| | |
|---|---|
| JAMES HERMON,<br><br>             Plaintiff,<br><br>     v.<br><br>U.S. FOODS, INC. dba U.S.<br>FOODSERVICE, INC, and DOES 1 –10,<br>inclusive,<br><br>             Defendants. | Case No. 2:13-cv-09511-ODW(MANx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [13]** |

## I.    INTRODUCTION

Before this Court is Plaintiff James Hermon's Motion for Leave to File First Amended Complaint and Remand Action to Los Angeles County Superior Court. (ECF No. 13.)  Hermon seeks to add a diversity-destroying defendant and new claim to his wrongful-termination suit.  The Court finds that there is bad faith and dilatory motive as well as facts to suggest that Hermon delayed seeking leave to amend. Therefore, Hermon's Motion for Leave to Amend and Remand is **DENIED**.[1]

/ / /

/ / /

---

[1] After considering the papers filed in support of, and in opposition to, the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7–15.

## II. FACTUAL BACKGROUND

James Hermon, a California resident, filed the Complaint on July 31, 2013 in the Los Angeles County Superior Court. This action stems from Defendant U.S. Foods, Inc.'s ("U.S. Foods") alleged unlawful termination of Hermon as a forklift operator in its La Mirada warehouse. (Compl. ¶ 9.) Hermon raises three claims: (1) wrongful termination in violation of public policy; (2) age discrimination in violation of the Fair Employment Housing Act ("FEHA"); and (3) race discrimination in violation of FEHA. (Opp'n 2.) Hermon contends that he was unlawfully terminated from U.S. Foods after he was involved in an off-the-clock altercation with another employee on July 24, 2012. (Compl. ¶ 12.) U.S. Foods, a Delaware corporation with a principal place of business in Illinois, answered the Complaint in state court on September 3, 2013, and later removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1.)

Hermon filed the instant Motion on January 29, 2014. (ECF No. 13.) Hermon seeks leave to add a new claim for assault against a new diversity-destroying defendant, Daniel Valenzuela. (Mot. 1:28.) Valenzuela, a California citizen, was Hermon's co-worker when the altercation took place in July, 2012. (Mot. 2:6–7; 4:6–8.) According to Hermon, Valenzuela assaulted him with a ping-pong ball while playing ping-pong in the employee break room. (Mot. 5:16–21.) Hermon alleges that Valenzuela's words and body language caused him to believe that Valenzuela would "carry out" his threats. (Mot. 5:26–27.) U.S. Foods filed its Opposition to the Motion on February 10, 2014. (ECF No. 14.) Hermon's Reply was filed on February 14, 2014. (ECF No. 18.)

## III. LEGAL STANDARD

Leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to permit leave to amend rests in the sound discretion of the trial court. *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004). In determining whether leave to amend should be granted, at least

four factors are considered: (1) undue delay; (2) bad faith or dilatory motive; (3) prejudice to the opposing party; and (4) futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Title 28 U.S.C. § 1447(e) provides that "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Section 1447(e) is permissive, and gives the district court the discretion to permit or deny joinder. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

### IV. DISCUSSION

In this Motion, Hermon argues that the Court should grant leave to amend the Complaint because his proposed amendments stem from the same incident outlined in the Complaint. (*See* Mot. 6:28–7:3.) Hermon contends that Valenzuela was not fraudulently joined, and the proposed amendments will not cause prejudice to U.S. Foods because identical facts will be considered in determining the liability of Valenzuela and U.S. Foods. (Mot 6:4–7; 7:2–3.) U.S. Foods asserts that Hermon's Motion should be denied because of undue delay and bad faith. (ECF No. 14.) In its Opposition, U.S. Foods states that the purpose of Hermon's joinder of Valenzuela is solely to defeat diversity jurisdiction. (Opp'n 1:9–10.) U.S. Foods suggests that the timing of Hermon's proposed amendments further point to an improper motive. (Opp'n 1:18-19.) Both Hermon and U.S. Foods acknowledge that allowing Hermon to add Valenzuela as a party to the case will destroy this Court's subject-matter jurisdiction and require this case to be remanded to Los Angeles County Superior Court. (Mot. 10:14–17; Opp'n 13.) The Court analyzes these arguments considering the well-established *Ditto* and *Foman* factors.[2]

---

[2] The Court is in receipt of U.S. Foods' Request for Judicial Notice. (ECF No. 16.) The Court **DENIES** the Request **AS MOOT** since it does not rely on the information. The Court is also in receipt of U.S. Foods' evidentiary objections. (ECF No. 23.) To the extent that the Court relies upon evidence to which U.S. Foods has objected, the Court **OVERRULES** those objections.

### a. Bad Faith and Dilatory Motive

The Court first considers bad faith and dilatory motive. Courts routinely exercise their discretion to deny joinder when it appears that the plaintiff's sole motivation for joining a defendant is to defeat diversity jurisdiction and avoid resolution of the case in federal court. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980) (concluding that a trial court "should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and require a remand to the state court").

The Court is extremely concerned that this Motion is being made solely for the purpose of getting the case remanded to state court. Valenzuela's identity was certainly known to Hermon at the time the Complaint was filed in July 2013. Hermon's allegations against U.S. Foods regarding his termination are based on the altercation with Valenzuela. (Mot. 6:28–7:1.) Hermon fails to provide a reason in his Motion and Reply for the delay of nearly six months in seeking leave to amend. (ECF Nos. 13, 18.) If Hermon's Motion is granted, the end result is that the case would be remanded back to Los Angeles County Superior Court. Because of the consequences of the proposed amendments, the Court is gravely concerned that this Motion is being made solely with dilatory tactics in mind. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (stating that the proposed amendment was disallowed because the delay was a tactical choice brought specifically to avoid the possibility of an adverse ruling).

### b. Undue Delay

The next factor to consider is undue delay. In evaluating undue delay, courts "do not merely ask whether a motion was filed within a period of time allotted by the district court . . . ." *AmerisourceBergen Corp. v. Dialysist West Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). It is also relevant to ask "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990); *see also*

*Chodus v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (stating that the district court did not abuse its discretion in denying a motion to amend on undue delay where the facts were available to the plaintiff before previous amendments to the complaint).

Hermon contends that the proposed amendments will not unduly delay this case. (Mot. 8:21–23.) But, as discussed above, there are facts to suggest that Hermon delayed in seeking leave to amend. Hermon asserts that he became aware of his potential claims against Valenzuela through the investigation conducted during the litigation. (Mot. 4:5–6.) However, Hermon advances that the gravamen of the original Complaint is that U.S. Foods wrongfully terminated him as a consequence of his altercation with Valenzuela. (Mot. 6:28–7:1.) Hermon even alludes to a troubled work relationship with Valenzuela prior to the ping-pong ball incident. (Reply 6:19–21.) Yet, Hermon provides no explanation as to why Valenzuela was not named in the Complaint. (Opp'n 10:14–15.) Hermon provides no excuse for his delay of nearly six months in seeking leave to amend. (Opp'n 1:23–24.) Furthermore, a comparison of the alleged facts in the Complaint and the facts related to the assault claim in the Proposed First Amended Complaint are strikingly similar. (Compl. ¶ 12; Mot. Ex. A ¶14.) In light of the similarities, the new defendant and new claim that Hermon desires to add to this case should have been known at the time the Complaint was filed.

### c. Prejudice to Opposing Party

The next *Foman* factor is prejudice to the opposing party. Neither party asserts that U.S. Foods will suffer undue prejudice from Hermon's proposed amendments. The last date to amend pleadings or add parties is May 26, 2014, and the discovery cut-off date is September, 15, 2014. (ECF No. 20.) U.S. Foods was aware that Hermon attributed his termination to an off-the-clock incident with Valenzuela, even when Hermon failed to name Valenzuela as a defendant in the Complaint. (Compl. ¶ 12.) Any new discovery should still be manageable for U.S. Foods.

Nevertheless, contrary to Hermon's argument that "identical facts will be considered in determining the liability of U.S. Foods and Valenzuela," the Court finds that the claims are dissimilar and will likely require discovery of different information. (Mot. 7:2–3.)  A different inquiry is needed to uncover evidence concerning the alleged assault by Valenzuela, as it is not related to Hermon's existing claims of employment discrimination against U.S. Foods. (Opp'n 8.)  All three claims in the Complaint relate to the decision of U.S. Foods to terminate Hermon's employment.  This is independent of any liability that Valenzuela may face for the alleged assault.

### d. **Futility of Amendment**

The last factor is futility of amendment.  The Court finds that this factor is irrelevant.

### V.   CONCLUSION

After weighting the *Foman* factors, the Court finds that Plaintiff's intent is solely to destroy diversity and cause this case to be remanded to state court.  Hermon seeks to name an additional defendant and add a new claim—assault by a ping-pong ball (which weighs less than an ounce).  But Hermon knew the facts and should have known the theories raised by the proposed amendments when the Complaint was filed.  For the reasons discussed above, the Court **DENIES** Hermon's Motion for Leave to File First Amended Complaint and Remand.  (ECF No. 13.)

**IT IS SO ORDERED.**

March 5, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**